JINA L. CHOI (New York Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
LLOYD A. FARNHAM (Cal. Bar No. 202231)
   farnhaml@sec.gov
JENNIFER J. LEE (Cal. Bar No. 261399)
   leejen@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>      v.<br><br>DIAMOND FOODS, INC.<br><br>           Defendant. | Case No.<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT DIAMOND FOODS, INC. |

The Securities and Exchange Commission having filed a Complaint and Defendant

Diamond Foods, Inc. ("Defendant" or "Diamond") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1  instrumentality of interstate commerce, or of the mails, or of any facility of any national

2  securities exchange, in connection with the purchase or sale of any security:

3      (a)    to employ any device, scheme, or artifice to defraud;

4      (b)    to make any untrue statement of a material fact or to omit to state a material fact

5              necessary in order to make the statements made, in the light of the circumstances

6              under which they were made, not misleading; or

7      (c)    to engage in any act, practice, or course of business which operates or would

8         operate as a fraud or deceit upon any person.

9                            II.

10        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

11  Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

12  concert or participation with them who receive actual notice of this Final Judgment by personal

13  service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the

14  Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

15  security by the use of any means or instruments of transportation or communication in interstate

16  commerce or by use of the mails, directly or indirectly:

17      (a)    to employ any device, scheme, or artifice to defraud;

18      (b)    to obtain money or property by means of any untrue statement of a material fact

19              or any omission of a material fact necessary in order to make the statements

20              made, in light of the circumstances under which they were made, not misleading;

21              or

22      (c)    to engage in any transaction, practice, or course of business which operates or

23              would operate as a fraud or deceit upon the purchaser.

24                          III.

25        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

26  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

27  participation with them who receive actual notice of this Final Judgment by personal service or

28

        [PROPOSED] FINAL JUDGMENT AS TO
        DEFENDANT DIAMOND FOODS, INC.

1   otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

2   13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13

3   promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by

4   failing to file, or by filing or causing to be filed, with the Commission any report required to be

5   filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and

6   regulations promulgated thereunder, which filed report omits to disclose any information

7   required to be disclosed or such further information, if any, as may be necessary to make the

8   statements, in light of the circumstances under which they were made not misleading.

9                                                IV.

10           IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

11   and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

12   participation with them who receive actual notice of this Final Judgment by personal service or

13   otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

14   13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], by failing to make and keep

15   books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the

16   expenses and transactions of Defendant.

17                                               V.

18           IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

19   and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

20   participation with them who receive actual notice of this Final Judgment by personal service or

21   otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

22   13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by failing to devise and maintain a

23   system of internal accounting controls sufficient to provide reasonable assurances that

24   transactions are recorded as necessary to permit preparation of financial statements in conformity

25   with generally accepted accounting principles or any other criteria applicable to such statements,

26   and to maintain accountability for such assets.

27                                               VI.

28

[PROPOSED] FINAL JUDGMENT AS TO
                                      DEFENDANT DIAMOND FOODS, INC.

1    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

2  shall pay a civil penalty in the amount of $5,000,000 to the Securities and Exchange Commission

3  pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d) of the

4  Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall satisfy this obligation by paying

5  $5,000,000 to the Securities and Exchange Commission within 14 days after entry of this Final

6  Judgment.

7    Defendant may transmit payment electronically to the Commission, which will provide

8  detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

9  from a bank account via Pay.gov through the SEC website at

10  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

11  cashier's check, or United States postal money order payable to the Securities and Exchange

12  Commission, which shall be delivered or mailed to:

13    Enterprise Services Center
      Accounts Receivable Branch
14    6500 South MacArthur Boulevard
      Oklahoma City, OK 73169
15

16  and shall be accompanied by a letter identifying the case title, civil action number, and name of

17  this Court; Diamond Foods, Inc. as a defendant in this action; and specifying that payment is

18  made pursuant to this Final Judgment.

19    Defendant shall simultaneously transmit photocopies of evidence of payment and case

20  identifying information to the Commission's counsel in this action.  By making this payment,

21  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

22  of the funds shall be returned to Defendant.

23    The Commission shall hold the funds, together with any interest and income earned

24  thereon (collectively, the "Fund"), pending further order of the Court.   Defendant shall pay post-

25  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

26    The Commission may propose a plan to distribute the Fund subject to the Court's

27  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

28

~~[PROPOSED]~~ FINAL JUDGMENT AS TO
DEFENDANT DIAMOND FOODS, INC.

1    provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

2    jurisdiction over the administration of any distribution of the Fund. If the Commission staff

3    determines that the Fund will not be distributed, the Commission shall send the funds paid

4    pursuant to this Final Judgment to the United States Treasury.

5        Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

6    paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

7    government for all purposes, including all tax purposes. To preserve the deterrent effect of the

8    civil penalty, Defendant shall not argue that it is entitled to, nor shall it further benefit by, offset

9    or reduction of any compensatory damages award in any Related Investor Action by the amount

10    of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the

11    court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30

12    days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in

13    this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

14    Fund, as the Commission directs. Such a payment shall not be deemed an additional civil

15    penalty and shall not be deemed to change the amount of the civil penalty imposed in this

16    Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages

17    action brought against Defendant by or on behalf of one or more investors based on substantially

18    the same facts as alleged in the Complaint in this action.

19                               VII.

20        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

21    incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

22    shall comply with all of the undertakings and agreements set forth therein.

23                               VIII.

24        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

25    jurisdiction of this matter for ~~the purposes of enforcing the terms of this Final Judgment.~~

                   three years for the purposes of enforcing the terms of this Final Judgment.

26                               IX.

27        There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

28

            [PROPOSED] FINAL JUDGMENT AS TO

                                    DEFENDANT DIAMOND FOODS, INC.

1   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

2

3   Dated: __January 21___, _2014_.

4                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
5

6   Approved as to form:

7

8   Susan Muck, Esq.
    Fenwick & West LLP
9
    Attorneys for Defendant Diamond Foods, Inc.
10

11  Submitted by:

12

13  Jennifer J. Lee
      leejen@sec.gov
    44 Montgomery Street, Suite 2800
14  San Francisco, California 94104
    Telephone: 415-705-2500
15  Facsimile: 415-705-2501

16  Attorneys for Plaintiff
            SECURITIES AND EXCHANGE COMMISSION
17

18

19

20

21

22

23

24

25

26

27

28
                                    6                    [PROPOSED] FINAL JUDGMENT AS TO
                                                         DEFENDANT DIAMOND FOODS, INC.